The court will proceed to the third case, Beley v. City of Chicago. Mr. Morrissey May it please the court, Illinois law requires the Chicago Police Department to maintain the Illinois Sex Offender Registration Act. The Chicago Police Department is responsible for making factual determinations regarding a registrant's status. For an individual who lacks a fixed address at the time of registration, the person is to notify the police department and report weekly thereafter. From December 6th of 2010 to October of 2013, the Chicago Police Department rarely registered people who lacked a residence at the time of registration. The police department did not have a meaningful... Counsel, what is the constitutional significance of that? Is there any constitutional requirement that people who lack a permanent address be registered? There is, Your Honor, because if a person is not registered, his or her liberty is in jeopardy. He or she is in jeopardy, but no one in this class actually lost liberty. That's incorrect, Your Honor. Michael Douglas Montgomery was arrested for... The class is not defined as people who lost liberty. The class is defined as people who wanted to register but didn't. That's correct, Your Honor. Right, so we have to go with the way the class has been defined. Yes, Your Honor. The class did not have a meaningful process or procedure to have a hearing when he or she went to the police department registration office and was deprived the opportunity to register as lacking a fixed residence. Are you arguing that there should have been some kind of pre-deprivation hearing? Yes, Your Honor. So before the person was denied registration, it seems to me that you're not really after a hearing. What you're after is having these officers comply with the state law. Your Honor, we are asking for a pre-deprivation hearing. In Shepard's v. Indiana Department of Corrections, this court reviewed a procedure where there was no procedure for individuals on the registry to challenge the information published on the website, on the state of Indiana website. They asked for a pre-deprivation hearing. They wanted notice they were going to be on that website and the ability to challenge their designation as sex offenders, particularly those with molested children. That's correct, Your Honor. In this case, the state law, when an individual is released from prison, and a lot of the two plaintiffs were released from prison, prior to being released, they sign a two-page form, and it lists their address and where they're going to reside. The second page of this form provides that if the person lacks a residence, he or she shall notify the law enforcement agency that they're residing, that they're homeless. And the law clearly says all a person has to do is provide notice that he or she lacks a residence at the time of registration and report weekly thereafter. The Illinois Appellate Court in People v. Wilkie reviewed this same provision and said all a sex offender is required to do to register as lacking a residence at the time of registration is to provide notice and to come to the police department every seven days and to provide evidence of where he or she stayed during the prior week. The plaintiff class and the plaintiffs, Michael Bailey and Douglas Montgomery, did not have any meaningful process or procedure to challenge the police department's denial of registration. This deprived them of due process and put their liberty in jeopardy. I mentioned Mike Douglas Montgomery. He was released from prison in January of 2011 for a failure to register charge. He signed a form that said he would be homeless in the city of Chicago. He relocated to Chicago. And on January 27, 2011, he went to the police department. He told a registering officer at the police department that I'm homeless. I have been homeless for some time. And he had this registration paper that clearly said he was homeless. And the police officer in the registration office told him the city is not registering homeless people right now. Counsel, can you precisely define the liberty interest that your clients are being deprived of? It's the ability to be free, the ability to comply with the state regulatory scheme, the Illinois Sex Offender Registration Act. Those are two different things, right? Ability to comply with the scheme or the ability to be free. They are free, right?  There's mandatory imprisonment, Your Honor. The failure to comply with this strict law, you have three days to register, requires imprisonment. It requires a mandatory civil penalty. It requires that the person be classified on the Illinois State Sex Offender Registration website to be noncompliant. It extends a registrant's registration responsibilities for an additional 10 years. So these significant consequences implicate a liberty interest. And this is the only way for these vulnerable and marginalized people in our society to remain free. And the whole point of the state law is to require these people to come into the police department every seven days with the recognition that they are homeless. And the police department wants to, the state law wants to keep a close eye on people who are homeless. And the city disregarded this. The city disregarded their obligation to monitor and track these people for the public. Counsel, did you press this website point in the court below? I saw that you alleged it in your second amended complaint. But so far as I saw, it seems to me like you're invoking Paul v. Davis and the reputational harm of being on the website. But it seemed like that surfaced really more in your reply brief here. It was focused on the district court because the plaintiff, Michael Bailey, had a similar experience as Douglas Montgomery. He was roaming the streets for a while because the city told him he needs an address and identification. And then he finally locates a shelter, 200 South Sacramento, run by the Franciscans. And he stayed there, and there was a bed check that was conducted on him. And he was then triggered as noncompliant because the police department found he was not residing at the homeless shelter, even though he was coming there every night. And there was a motion for injunctive relief on that aspect. And this was several years ago. So we have pressed the issue about how the Registration Act implicates your status on the website, your ability to remain free in society, and your overall ability to remain free. Under Matthews, Your Honor, the government has to provide some type of pre-deprivation process when there's an established state procedure at issue. In this case, the state procedure is the Registration Act. It's the procedure that the city of Chicago administers at the police department headquarters for sex offenders. And in Shepard's, the court reviewed a very similar law, and it held that the registration is an established state procedure that requires some form of pre-deprivation process. So in this case, the parties agreed that there was no process. When the city of Chicago turned somebody away and said, Go find a shelter and bring an ID, there was nothing a person could do. And what kind of pre-deprivation hearing, Mr. Morrissey, would you envision would have to be held? Your Honor, it's at police department headquarters. So perhaps there could be a supervisor in the office that could analyze the Well, they accept the applicant's facts, do they not? Excuse me, Your Honor? They accept the applicant's facts, right? But there's no review of the police officer decision that an individual like Mr. Bailey or Mr. Montgomery may not register. There should be some review process that assesses whether the factual request by a person who reports he's without a residence to register for a week. And the law seems to suggest if a person goes to the police department headquarters and says, I'm homeless, that person should at least be registered for one week because he must come back the following week and document each place stayed during the past seven nights. And saying anything on these registration paperwork on the forms is a felony and would subject that individual to significant penalties. In addition, the city has an administrative hearing office, and that could also be an avenue for the city to make a judgment, to have an independent person make a judgment whether a person can qualify and register as lacking a residence at the time of registration. In addition, the officers at the registration office, and it's a very small office, they had no guidelines. There was no internal process for them to judge whether a person would be registered without his lacking a residence. And the city acknowledged this and requests to admit, saying that whether a person registers is a totality of the circumstance approach where no single factor is determined. That acknowledgment is evidence of the uncertainty to the plaintiffs and the plaintiff class about whether they're able to register and comply with this law. Do you want to save some time for rebuttal? I do, Your Honor. I have one additional point. Under the third Matthews balancing test, the government's interest here is to register the members of the class and the plaintiffs. And by sending these people away, they shirk their duty under state law and to the citizens of Illinois. Thank you, Your Honor. All right. Thank you. Mr. Breyer. Good morning, and may it please the court. Throughout this litigation, plaintiffs have consistently described or repeatedly emphasized that their sole complaint here is with the city's supposed misapplication of the requirements of Illinois' sex offender registration law. Indeed, their reply brief admits that the core of their complaint here is, quote, that the city refused to comply with state law, end quote, that their claim arises out of the city's implementation of state law. And they even concede, they even agree with our characterization that they've consistently described their claim in precisely those terms. But that only admits that plaintiffs don't have a valid procedural due process claim here. Procedural due process is not a manner in which to enforce the requirements of state law. That's this court's decision in Archie, that's the Supreme Court's decision in Snowden, and countless cases have reemphasized that exact point. And to the extent that plaintiffs for the first time in reply bring up this court's decision in Shepard's, Shepard's didn't involve a circumstance of mere misapplication of state law. Shepard's was, as the parties described on page one of both of their briefs, as the district court recognized on page one of its summary judgment ruling, and as the ultimate judgment order entered that case, that case involved factual disputes that weren't being properly resolved by the state. There was no procedure offered by the state of Indiana to address genuine factual disputes between the parties regarding the facts you're considering when determining how to apply the law. And this is even reflected in this court's subsequent, this court's recent decision in Murphy. Murphy specifically rejected the notion that a plaintiff could come into court and demand process merely to review a state's legal interpretation of the various requirements of a sex offender registration act. And the court, this court even acknowledged Shepard's and didn't see any conflict with that notion. And we would, we would posit that that, that core principle, that basic principle of the federal state divide that 1983 sets up ends this case right then and there. And that problem is the flip side of another problem. You know, plaintiffs have focused on the Matthews factors, but Matthews itself was about the right to an evidentiary hearing. And this court has recognized under Codd versus Velger, that procedural due process comes into play only when plaintiffs have a factual dispute. It's not whether there's a, there's a, there's a different question whether facts are resolved correctly, but when there's no factual dispute in the first place, then due process isn't triggered at all. And plaintiffs here have identified no facts that were at dispute. It's undisputed. There was no dispute when they came into the registration that they were homeless. They even include in their reply brief, a document with it says homeless on it. There was no dispute there. Their dispute centers on how the city officers believe that came into play with the requirements of Illinois sex offender registration act. And that's simply not a proper subject for procedural due process claim. Regarding, just quickly regarding the question of pre deprivation hearings, plaintiffs did not, I I'm aware of nowhere in the opening brief that plans requested a pre deprivation hearing that seems to be newly arrived at oral argument. Their claim was that after registration was denied that the city was required to provide a, some sort of review process again of legal questions in the, the plaintiff's proposed. Initially they proposed to the city's department of administrative hearings, which state law strips of that department of jurisdiction over these sorts of questions. SOAR is not a municipal ordinance and the department administrative hearings can only consider violations of municipal ordinances, traffic tickets, and that sort of, you know, mundane events of city life, not state law, not how to properly apply state law. They also suggest that some other administrative arm of the city could be invoked or created. But again, that's all post deprivation and they've given no indication here that that such post deprivation process is even necessary. If this court has no, no questions, we'll rest on our briefs. Respectfully ask that you affirm the judgment of the district court in all respects. Thank you, Mr. Morrissey. Okay. When a person lacking a fixed residence reports to the police department, the only issue should be whether this person is who he says he is. And there should be, that person should be registered for seven days. There should be some type in the city concedes this. They can see that Montgomery was homeless and he was not allowed to fulfill his requirements under the law. And he remained unregistered for several months because of this policy of the city of not registering people, but not having any internal,  Okay. After this class, Mr. Morrissey, Mr. Breyer said no such request for a pre deprivation hearing was made in the district court or here. So I've just, one of the great advantages of having the briefs online, I just searched for brief. There's no mention of pre deprivation hearing anywhere in it. The phrase doesn't appear there. So how have you preserved this argument? Your Honor, the opening brief discussed the district courts, principally the district courts dismissal of this case on Mo. No. And well, you can choose to make any arguments you wish. I'm just observing that your opening brief does not contend that there was a violation of any constitutional demand for a hearing. And so I'm asking how you've preserved this argument. I believe so your Honor, because the brief does talk about the Matthews balancing test. And throughout the whole course of this litigation, there has been no dispute that there is no pre deprivation hearing or post deprivation. If you don't ask for one in the litigation, are you disagreeing with Mr. Breyer's representation that you did not make such a request in the district court? I can verify what requests you've made in your briefs here. Are you disagreeing with his representation about what happened in the district court? The district court in the district court. I'm not certain your Honor. And I can supplement after reviewing the briefs, the issue that's been in the district court for years has been, there is no due process for individuals seeking to register and have been deprived, deprived registration. And that was what was litigated for years about how there is no pre or post deprivation procedure. And sex offenders had no ability to challenge this. And there's no dispute about that for the reasons I've stated today. And in my briefs, I'd asked the court to reverse the district court's decision to grant summary judgment in favor of the city and remain for further proceedings. Thank you. Thank you. Mr. Morrissey. Thanks to prior cases taken under advisement.